**Opinion issued April 22, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00173-CR**

———————————

**FEONA MASON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case No. 1282035**

---

**MEMORANDUM OPINION**

Appellant, Feona Antoinette Mason, pleaded guilty, without an agreed recommendation from the State, to the felony offense of engaging in organized criminal activity.[1] On December 10, 2012, the trial court found Mason guilty and

---

[1] *See* TEX. PENAL CODE ANN. § 71.02 (West Supp. 2013).

sentenced her to nine years imprisonment. Mason filed a notice of appeal on the same day. On January 9, 2013, Mason filed a motion for new trial, which the trial court granted on February 25, 2013. Mason again pleaded guilty, without an agreed recommendation, to the felony offense of engaging in organized criminal activity. On February 26, 2013, the trial court entered an order that deferred adjudicating Mason's guilt and placed her on community supervision for six years. Mason did not file a notice of appeal from the trial court's February 26, 2013 order. We dismiss the appeal.

The granting of a motion for new trial restores the case to its position before the former trial. *See* TEX. R. APP. P. 21.9(b). Thus, Mason's appeal of the December 10, 2012 order was rendered moot by the trial court's order granting a new trial. We therefore lack subject-matter jurisdiction over this appeal and must dismiss it. *See Mosley v. State*, No. 01-08-00503-CR, 01-08-00504-CR, 2009 WL 793808, at *1 (Tex. App.—Houston [1st Dist.] March 26, 2009, no pet.).

To the extent that Mason seeks to appeal the trial court's February 26, 2013 order, she did not timely file a notice of appeal from the order. In a criminal case, an appellant must timely file a notice of appeal to perfect the appeal. *See* TEX. R. APP. P. 25.2(b); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Mason's December 10, 2012 notice of appeal was not effective as a prematurely filed appeal of the trial court's February 26, 2013 order because it was filed before

the trial court found sufficient evidence to find her guilty, deferred adjudication of her guilt, and placed her on community supervision in the new trial. *See* TEX. R. APP. P. 27.1(b) ("In a criminal case, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open court, or the appealable order is signed by the trial court. But a notice of appeal is not effective if filed before the trial court makes a finding of guilt or receives a jury verdict."). Because Mason did not timely file a new notice of appeal from the trial court's February 26, 2013 order, we can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).